IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MELVIN R. ABEL,

                Plaintiff,

v.

GAYLE FRAMBS,

                Defendant.

OPINION AND ORDER

18-cv-308-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, plaintiff Melvin R. Abel contends that Gayle Frambs, an employee of House Calls of Menomonie Inc., has violated his rights by lying to him, refusing to allow him to leave the state of Wisconsin and failing to tell him when his mother died, about a year ago. Plaintiff asks that, as relief, he be permitted to move out of Wisconsin so he can be with his sister and other family.

Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief. After reviewing the complaint, I conclude that plaintiff may not proceed because his complaint does not involve any federal claim over which this court has jurisdiction.

A federal district court has limited jurisdictional authority. Generally, it may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises

1

under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Because plaintiff alleges that he and defendant both live in Wisconsin, the court would have jurisdiction over plaintiff's claim only if his claim arises under the United States Constitution or other federal law.

However, any federal claim plaintiff is attempting to raise is barred by the probate and domestic relations exception to federal jurisdiction. Although he does not say so expressly, plaintiff's allegations suggest that defendant is acting as a court-appointed guardian for plaintiff. The website for House Calls of Menominee Inc. shows that the company is licensed by the state of Wisconsin to provide court-appointed guardianship services to individuals. Http://www.housecallsinc.org/index.php/support-services/guardianship (last visited on May 16, 2018). If a state court appointed defendant as a guardian for plaintiff, the state court has continuing jurisdiction over defendant, including any action against defendant for "[k]nowingly isolating a ward from the ward's family members." Wis. Stat. § 54.68(1) and (2)(cm). Because federal jurisdiction does not extend to matters having to do with probate and domestic relations, Struck v. Cook County Public Guardian, 508 F.3d 858, 859 (7th Cir. 2007) (holding that federal court lacked jurisdiction over dispute about decisions made by state court-appointed guardian because such decisions "are at the heart of the guardian's responsibilities and are supervised by the court that appointed him"), this case must be dismissed for lack of subject matter jurisdiction. Plaintiff must bring his grievances to the state court that appointed defendant as his guardian.

ORDER

IT IS ORDERED that plaintiff Melvin R. Abel's complaint is DISMISSED for lack of subject matter jurisdiction.

Entered this 17th day of May, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge